**Commonwealth ex rel. Ellzy v. Lovelace**

*Catherine M. McFadden*, for plaintiff.
*Samuel H. Lovelace, III*, pro se.

MIMS, *J.*, December 30, 1982—The Pennsylvania Department of Welfare, on behalf of Darlene Ellzy, recipient, has filed a Petition for Support pursuant to 42 Pa.C.S.A. §6701 et seq., for the support of the minor child, Daryl Scott Ellzy. The petition alleges that the father of Daryl Scott Ellzy is Samuel H. Lovelace, III. Mr. Lovelace denies that he is the father of Daryl Scott Ellzy.

After non-jury trial on October 19, 1982, the determination of paternity was deferred until after the admission of a Human Leukocyte Antigen blood test into evidence at a hearing on December 15, 1982.

Plaintiff, Darlene Ellzy, is an unmarried adult residing in Bristol, Bucks County, Pa., and the birth

mother of Daryl Scott Ellzy, born December 23, 1979, the subject of these proceedings. Plaintiff testified that she began dating defendant in February, 1978, and continued to date him until April, 1979. They had sexual relations on many occasions between July, 1978 and April, 1979. Plaintiff further testified that, during this time period, she did not have sexual relations with anyone else. Plaintiff believes that her child was conceived on March 17, 1979 in a motel in Cinnaminson, New Jersey. She and defendant had gone to this motel after attending a gym show. Plaintiff testified that her pregnancy was confirmed in July, 1979. When she informed defendant that she was pregnant, she testified that he said it could be his, but he wasn't sure. She also testified that when defendant saw the child, he said "it looks like me," that he requested visitation, and that he gave the child a truck for Christmas in 1981.

The child's birth certificate was introduced into evidence indicating defendant as the father of the child.

Plaintiff's mother confirmed that her daughter dated defendant for about a year, and corroborated her testimony that during the relevant period, she was not dating anyone else.

Defendant, acting pro se at the October 19, 1982 trial, admitted being in the motel with plaintiff on March 17, 1979, and does not deny having sexual relations with her on that night. He denies, however, that he is the father of the child. He believes that, during the relevant period, plaintiff was going out with another man.

The court, after hearing all of the testimony, found the testimony of plaintiff and her mother to be credible and found defendant's explanation as to why he could not be the father of the child to be unworthy of belief.

We are aware of the recent decision in Corra v. Coll, _____ Pa. Super. _____, 451 A. 2d 480 (1982), which held that indigent defendants in civil paternity actions have the constitutional right to court appointed counsel.

The instant action is, however, readily distinguishable from Corra v. Coll. Here, defendant makes no claim of indigency. He had been represented by James W. Pearson, Jr., Esq., who withdrew his appearance for defendant on May 9, 1982. Defendant at no time during the trial requested assistance of counsel. He voluntarily chose to represent himself, despite strong advice from Mr. Pearson to obtain counsel. The record shows that defendant testified, cross-examined plaintiff and her witness. No evidence other than his direct testimony was presented on his behalf.

At a hearing on December 15, 1982, plaintiff introduced the results of red cell and Human Leukocyte Antigen blood tests, as a result of blood samples extracted from plaintiff, defendant, and the minor child, Daryl Scott Ellzy on November 2, 1982 at the Penn-Jersey Regional Red Cross. This court had issued an order on October 28, 1982 that the written report of the results of the blood testing shall be admissible into evidence for or against any party to this action without expert testimony and without challenge to chain of custody of the blood samples. Defendant did not object to the admissibility of the results of the blood testing.

"The recently developed Human Leukocyte Antigen (HLA) blood type testing can exclude a wrongfully accused man as the biological father of the child with certainty, and when not excluding the man as the father, can, by the use of test data and the known gene frequencies for the systems tested, indicate the percentage of probability of the man's paternity of the child as compared to a ran-

dom man of the same race." Marvin D. Weintraub, "Non-Exclusionary Blood Test Results: Establishing the Probability of Paternity," printed in The Legal Intelligencer, December 16, 1981.

In In Re: Meagel, 287 Pa. Super. 186, 429 A. 2d 1162 (1981), Judge Spaeth, in his concurring opinion, concluded:

The Pennsylvania version of the Uniform Act on Blood Tests to Determine Paternity, 42 Pa.C.S.A. §6131 et seq., does not contain the language found in the statute of some states restricting the use of blood tests to exclude a man as the father. I therefore conclude that the statute should not be construed as limiting the admissibility of the result of blood tests to cases in which the results exclude a man as the father: Id., 287 Pa. Super. at 201, 429 A. 2d at 1170 (1981).

Some of the lower courts in our Commonwealth have recently ruled that evidence of the Human Leukocyte Antigen test may be used affirmatively to support a finding of paternity. See Com. v. Macbeth, 22 D. & C. 2d 179 (1982); Kays v. Zarko, 20 D. & C. 3d 198 (1981); Britton v. Forbes, 21 D. & C. 3d 411 (1981).

The report of Miriam B. Dahlke, M.D., Medical Director of the Penn-Jersey Regional Red Cross concludes that, based upon the blood tests, Samuel Lovelace is not excluded as the father of Daryl Ellzy, and the probability that Samuel Lovelace is the father of Daryl Ellzy, as compared to a random man of the same race is 97.88 percent. The alleged father is 46 times more likely to be the true father than is a random man of the same race.

By a preponderance of the evidence (credible testimony and blood test results), the court finds that

defendant, Samuel H. Lovelace, III, is the father of Daryl Ellzy.

Accordingly, we enter the following

## ORDER

And now, December 30, 1982, after consideration of all testimony and evidence, including the petition of Darlene Ellzy, in which she alleges that defendant, Samuel H. Lovelace, III, is the father of her child, Daryl Scott Ellzy, born December 23, 1979, and also including the results of blood testing conducted by the Penn-Jersey Regional Red Cross, using both red cell and Human Leukocyte Antigen typings, in which defendant was determined within the range of plausibility as the father of the within-named child, the trial judge in this non-jury trial finds defendant, Samuel H. Lovelace, III, to be the father of Daryl Scott Ellzy.

It is further ordered that defendant, Samuel H. Lovelace, III, reimburse the County of Bucks for blood testing in the amount of $375.

The parties are hereby directed to appear at the Domestic Relations Office on January 21, 1983 at 10:00 a.m. for a conference as to the amount of support for the minor child, Daryl Scott Ellzy.